1

2

3

4          **IN THE UNITED STATES DISTRICT COURT**

5          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

6

7   UNITED STATES OF AMERICA,                Case No.  1:06-cv-00885 OWW TAG

8              Plaintiff,                    Related case: 1:05-cv-01138 OWW GSA

9   VACANT LAND LOCATED AT                   FINDINGS AND RECOMMENDATIONS
    OR NEAR 13696 S. EAST AVENUE,            TO GRANT PLAINTIFF'S APPLICATION
10  FRESNO, CALIFORNIA, FRESNO               FOR DEFAULT JUDGMENT
    COUNTY, APN: 042-280-10S,                (Doc. 21)
11  INCLUDING ALL APPURTENANCES
    AND IMPROVEMENTS THERETO,
12
              Defendant.
13  _____/

14                        **INTRODUCTION**

15          This is a civil forfeiture action against vacant land located at or near 13696 S. East Avenue,

16  Fresno, Fresno County, California, APN 042-280-10S, including all appurtenances and

17  improvements thereto (the "defendant real property").  Plaintiff United States of America (the

18  "Government") seeks a default judgment against the interests of Lahkbir Purewal in the defendant

19  real property, and the entry of a final forfeiture judgment that vests in the Government all right, title,

20  and interest in the defendant real property.

21                        **BACKGROUND**[1]

22          On July 12, 2006, the Government filed a verified complaint for forfeiture in rem (the

23  "complaint") alleging that in June 2005, in the State and Eastern District of California, Baldev

24  _____

        [1]
25          The background recitation is derived from Plaintiff's application for default judgment and this
    Court's file.
26

1   Purewal used the defendant real property, or allowed the defendant real property to be used, to

2   cultivate and grow thousands of marijuana plants in a vineyard on the defendant real property, in

3   violation of 21 U.S.C. § 821 et seq. (Doc. 1).  The complaint alleges that the defendant real

4   property is one of three properties used in connection with the marijuana grow and its

5   cultivation. The other two properties consist of a residence located at 1590 E. Conejo Avenue in

6   Fresno, California (the "Conejo Avenue residential property") and a residence located at 13696

7   S. E. Avenue in Fresno, California (the "S. East  Avenue residential property"), the latter of

8   which is adjacent to the defendant real property.  The Conejo Avenue residential property and

9   the S. East Avenue residential property are the subject of a related civil forfeiture action entitled

10  United States of America v. Real Property Located at 13696 S. East Avenue, et al., case number

11  1:05-cv-01138 OWW GSA, filed September 6, 2005 (the "related case").

12          On June 7, 2005, law enforcement officers executed state search warrants on the

13  properties, and located 32,126 mature marijuana plants growing under grapes in a vineyard

14  located on the defendant real property.  (Doc. 1, 5: 24-25, 6:1-5).  There were about 50 rows that

15  contained marijuana.  (Doc. 1, 6:5).  During a search of the S. East Avenue residential  property,

16  the law enforcement officers located approximately five firearms, most of which were loaded,

17  and approximately two ounces of methamphetamine in a travel trailer southeast of the main

18  residence. (Doc. 1,5:26-27; 6:1-2).

19          During the searches, the law enforcement officers also encountered six subjects,

20  including two that were found in the vineyard on the defendant real property where the

21  marijuana was being grown.  (Doc. 1, 4:12-26).  One of the latter two subjects was armed with a

22  9 millimeter handgun, and after being taken into custody and Mirandized, he reported that

23  Baldev Purewal provided him room and board in exchange for watering the marijuana plants.

24  (Doc. 1, 4:21-25).  The second subject  found in the vineyard reported that a Hispanic male adult

25  known to him as "Tejon" told him to water the plants, and that he was supposed to receive

26  $10,000 when the marijuana was harvested.  (Doc. 1, 5:4-9).  The second subject also reported

that he knew, but had never talked with, Baldev Purewal, but that he had seen Baldev Purewal disc the vineyard within the past month. (Doc. 1, 5: 22-23).

The complaint also alleges that Baldev Purewal and Nancy Unruh Purewal ("Nancy Purewal") are the record owners of the defendant real property.  (Doc. 1, 2:1-14).  The complaint further alleges that law enforcement officers interviewed Nancy Purewal at the E. Conejo Avenue residential property, and she reported that she had been married to Baldev Purewal for over 30 years and had resided at the E. Conejo Avenue residential property for the past 15 years. (Doc. 1, 6:11-14).  Nancy Purewal also told the officers that Baldev Purewal lives at the S. East Avenue residential property with his girlfriend and spends most of his time working his fields and tending to his grapes. (Doc. 1, 6: 14-17).  Nancy Purewal denied any knowledge about the marijuana cultivation, and told the officers that Baldev Purewal did not discuss work with her and that he never talked about the marijuana being grown.  (Doc. 1, 6: 17-25).

Baldev Purewal was arrested on June 7, 2005, and eventually was convicted in the Fresno County Superior Court of cultivating 10 or more marijuana plants in violation of California Health & Safety Code § 11358, possession of more than 100 pounds of marijuana for sale in violation of Health & Safety Code § 11359, allowing a place for preparation or storage  of controlled substances in violation of Health & Safety Code § 11366.5(a),  and other related charges. (Doc. 1, 6:28; 7:1-5).

## The Government's Claims

The complaint alleges that the defendant real property is subject to forfeiture to the Government pursuant to 18 U.S.C. § 881(a)(7) because it was used or intended to be used to commit or to facilitate the commission of a violation of 21 U.S.C. § 841 et seq., an offense punishable by more than one year's imprisonment.

## Notice of the Forfeiture Action

On July 26, 2006 the property was posted with a copy of the complaint and a notice of the complaint.  (Doc. 5).  On July 14, 2006, the Court issued an order for publication

("publication order") authorizing the Government to provide notice by four publications in the

Fresno Business Journal.  (Doc. 4).  Publication in a manner consistent with the publication order

was made on February 2, 9, 16, and 23, 2007, and proof of publication was filed on March 6,

2007.  (Doc. 16).

The Government's pleadings reflect that there are four persons with a known potential

interest in the defendant real property, i.e., Amrit Kaur Purewal, Nancy Purewal, Baldev

Purewal, and Lahkbir Purewal.[2]  On or about July 13, 2006,  copies of the complaint, notice of

the complaint, application and order for publication, lis pendens, order setting mandatory

scheduling conference, standing order of the United States District Judge, standing order of the

United States Magistrate Judge, notice of availability of United States Magistrate Judge, notice

of availability of voluntary dispute resolution, and a letter dated July 13, 2006 , were delivered

by certified mail to Amrit Kaur Purewal, Nancy Purewal, and Lahkbir Purewal. (Doc. 19-2, 2:1-

9; Doc. 21, 3:17-28. 4:1-10; Doc. 22, 3:13-16). On July 27, 2006, the Government caused Baldev

Purewal to be personally served with copies of the pleadings and related documents at Avenal

State Prison, where he is incarcerated.  (Doc. 8).  On August 8, 2006, Nancy Purewal filed a

verified statement of interest ("claim") and an answer to the complaint. (Docs. 6, 7).  No other

claims or answers have been filed in this action.  See Docket, generally.

On August 22, 2007, the Government, Amrit Kaur Purewal, Nancy Purewal, and Baldev

Purewal executed a stipulation for a final judgment of forfeiture in this case and in the related

case (the "settlement stipulation"). (Doc. 22).  The settlement stipulation contemplates a global

settlement as to all three properties, and provides in summary, that the defendant real property

and the S. East Avenue residential property will be forfeited to the Government and sold, with

the net proceeds divided 2/3 to the Government and 1/3 to Nancy Purewal, and the

Government's interests in the Conejo Avenue residential property will be released to Amrit Kaur

---

[2] Lahkbir Purewal's first name is spelled "Lahkbir" and Lakhbir" in the pleadings.  For consistency, these findings and recommendations will use "Lahkbir Purewal."

4

1   Purewal. (Doc. 22, 4:11-27; 5, 6:1-18).

2       The settlement stipulation requires the Government to obtain an order of forfeiture in its

3   favor as to the defendant real property and the S. East Avenue Conejo property prior to

4   satisfying its obligations under the stipulation.  Lahkbir Purewal is the only known potential

5   claimant who did not sign the settlement stipulation.  The Government alleges that claimants'

6   counsel has attempted to contact Lahkbir Purewal to obtain her signature on the settlement

7   stipulation, but has been unable to do so. (Doc. 21, 4:22-24).

8                   **Entry of Default against Lahkbir Purewal**

9       At the Government's request, the Clerk of Court entered default in this action on August

10  17, 2007 against Lahkbir Purewal. (Docs. 19, 20).

11                              **DISCUSSION**

12      The district court has the discretion to enter a default judgment against one who is not an

13  infant, incompetent, or member of the armed services where the claim is for an amount that is

14  not certain on the face of the claim and where the defendant has been served with the claim; the

15  defendant's default has been entered for failure to appear; if the defendant has appeared in the

16  action, the defendant has been served with written notice of the application for judgment at least

17  three days before the hearing on the application; and the court has undertaken any necessary and

18  proper investigation or hearing in order to enter judgment or carry it into effect.  Fed.R.Civ.P.

19  55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).  Factors

20  that may be considered by the court in exercising discretion as to the entry of a default judgment

21  include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir.

22  1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-1472

23  (9th Cir.1986); the merits of the plaintiff's substantive claim, id.; the sufficiency of the

24  allegations in the complaint to support the judgment, Alan Neuman Productions, Inc., 862 F.2d

25  at 1392; the amount in controversy, Eitel, 782 F.2d at 1471-1472; the possibility of a dispute

26  concerning material facts, id.; whether the default was due to excusable neglect, id.; and the

1  policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, id..[3]

2     **A.     Notice by Posting and Publication.**

3     The Due Process Clause of the Fifth Amendment provides that the Government must

4  give notice and an opportunity to be heard before it can deprive an individual of his or her

5  property interests.  United States v. James Daniel Good Real Property, 510 U.S. 43, 48, 114 S.Ct.

6  492 (1993).  A real property forfeiture action in rem is governed by notice statutes and rules that,

7  when followed, satisfy the right to due process. A real property forfeiture action in rem is

8  initiated by filing a complaint for forfeiture, posting notice of the complaint on the defendant real

9  property, and serving notice and a copy of the complaint on the property owner. 18 U.S.C. §

10 985(c)(1)(B).  Notice of a real property forfeiture action in rem is also governed by the

11 Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Claims

12 ("Supplemental Rules").  Supplemental Rule G(4) provides for notice by court-ordered

13 publication in a newspaper of general circulation in the district where the action is filed or the

14 defendant property is located.  The Local Rules of the United States District Court for the

15 Eastern District of California also require publication. Local Rules A-530 and 540(a)  require a

16 party seeking a default judgment to satisfy the Court that due notice of the action and arrest of

17 the defendant property was given by court-ordered publication in a newspaper of general

18 circulation in the district where the action is filed.

19     Here, the Government provided proper notice of this forfeiture action in rem when it

20 obtained the publication order and published notice of the action in the Fresno Business Journal

21 in February 2007 in accordance with the publication order.

22     ///

23

---

[3]

24     The Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and
Maritime Claims apply to default judgments in in rem forfeiture actions. However, the Supplemental Rules

25 prevail if there is an inconsistency.  Supplemental Rule G(1) provides that the rule governs an in rem
forfeiture action arising from a federal statute; to the extent that Rule G does not address issue, Supplemental

26 Rules C and E also apply

1

**B.    Additional Notice by Certified Mail and Personal Service.**

2        The Government is also obligated to provide additional notice beyond the notice required

3  by the Supplemental Rules when it knows the identity and whereabouts of the real property

4  owner. See U.S. v. Real Property, 135 F.3d 1312, 1315 (9th Cir. 1998).  In those instances, the

5  Government is required to provide actual notice by means that are "reasonably calculated under

6  all of the circumstances" to apprise the real property owner of the pendency of the forfeiture.

7  Dusenbery v. United States, 534 U.S. 161, 168, 122 S.Ct. 694 (2002); United States v. Real

8  Property, 135 F. 3d at 1315.  The additional notice requirement is also addressed in 18 U.S.C. §

9  985(c)(1)(C), which requires the Government to serve "notice on the property owner, along with

10  a copy of the complaint."  This additional notice requirement is also addressed by Local Rule A-

11  540(a), which requires that a party seeking a default judgment in an action in rem must show that

12  due notice of the action and posting of the real property has been given by publication, and by

13  personal service on the person having custody prior to its possession by a law enforcement

14  agency or officer, and by personal service or by certified mail, return receipt requested, to every

15  other person who has not appeared in the action and is known to have an interest in the property;

16  provided that failure to give actual notice to such other person may be excused upon a

17  satisfactory showing of diligent efforts to give such notice.  L.R. A-540(a).

18        In this case, the defendant real property was posted with a copy of the complaint and a

19  notice of the complaint, and notice of this action was published in accordance with the

20  publication order and with the content required by the Supplemental  Rules. See Supp.R. G. The

21  Government additionally provided notice by  certified mail to all persons with a known potential

22  interest in the property,  including  Amrit Kaur Purewal, Nancy Unruh Purewal, and Lahkbir

23  Purewal, and caused Baldev Purewal to be personally served at the prison where he is

24  incarcerated. All of these claimants and potential claimants, except Lahkbir Purewal, have

25  appeared in this action, either by filing a claim and an answer and/or executing the settlement

26  stipulation that has been filed with the Court. The Court finds that the Government has given

1    proper notice of this action.

2        **C.    Entry of Default.**

3        The Government contends that the Clerk of the Court properly entered default against

4    Lahkbir Purewal.  A person who claims an interest in or right against the defendant property

5    must file a verified claim within 30 days after the earlier of the date of service of the complaint

6    or the completion of the publication notice.  Supp. R. G(5).  If a person fails to file a claim, he or

7    she will have no standing as a party to the action.  See United States v. Real Property, 135 F.3d

8    at 1316-1317.

9        In this case, the Government caused notice of this action and a copy of the complaint and

10   related pleadings and documents to be delivered by certified mail to three of the four individuals

11   who had a known potential interest in the property, including Lahkbir Purewal, on or about July

12   13, 2006.  Baldev Purewal is the fourth person who had a known potential interest in the

13   property, and he was personally served on July 27, 2006.  Publication notice was completed on

14   February 23, 2007, and proof of publication was filed on March 6, 2007.   More than 30 days

15   have passed since the dates that each known potential claimant was given notice of this action,

16   and since the publication was completed.  Nancy Purewal is the only claimant who filed a

17   verified claim and an answer.  Lahkbir Purewal did not file a verified claim or an answer, and

18   has not otherwise appeared in this action. The Court finds that the Clerk of the Court properly

19   entered the default of Lahkbir Purewal in accordance with Fed.R.Civ.P. 55(a).

20       **D.    Default Judgment.**

21       The Government seeks a default judgment against the interest of Lahkbir Purewal in the

22   defendant real property and a judgment of final forfeiture that vests all right, title, and interest in

23   the Government. The Supplemental Rules do not include a default judgment procedure for

24   forfeiture actions in rem.  In the absence of a Supplemental Rules procedure, the Court must

25   apply the default judgment procedure in the Fed. R. Civ. P. 55.  See Supp. R. A.  Rule 55

26   requires an entry of default, and once a party's default has been entered, the Court has

considerable leeway as to what it may require as a prerequisite to entry of the default judgment.
A default generally bars the defaulting party from disputing the facts alleged in the complaint,
but the defaulting party may argue that the facts as alleged do not state a claim. <u>Alan Neuman
Productions, Inc.</u>, 862 F.2d at 1392.  "The general rule of law is that upon default the actual
allegations of the complaint, except those relating to the amount of damages, will be taken as
true." <u>Geddes v. United Financial Group</u>, 559 F.2d 557, 560 (9th Cir. 1977)(citations omitted).
1987).

**(1)     Sufficiency of the Complaint.**

Title 21 U.S.C. § 881(a) provides for the forfeiture to the Government of property that is
used or intended to be used to facilitate any violation of the laws governing controlled
substances.  Title 21 U.S.C. § 881 (a)(7) provides for the forfeiture to the Government of "[a]ll
real property, including any right, title, and interest (including any leasehold interest) in the
whole of any lot or tract of land and any appurtenances or improvements, which is used, or
intended to be used, in any manner or part, to commit, or to facilitate the commission of, a
violation of this subchapter punishable by more than one year's imprisonment."   The burden of
proof in a civil forfeiture action is a preponderance of the evidence, i.e. the Government must
prove by a preponderance of the evidence that the property is subject  to forfeiture. 18 U.S.C. §
983(c).  <u>See</u> <u>United States v. Real Property Located at 5208 Los Franciscos Way</u>, 385 F.3d 1187,
1193 (9th Cir. 2004).

The Government alleges that the defendant real property was used or intended to be used
to commit or facilitate the commission of a violation of 21 U.S.C. § 841 et seq., an offense
punishable by more than one year imprisonment, and is thus subject to forfeiture pursuant to 21
U.S.C. § 881(a)(7).  The complaint alleges that in June 2006, law enforcement officers executing
a search warrant located and seized 32,126 mature marijuana plants growing in a vineyard on the
defendant real property, and the vineyard had been farmed by one of the two record landowners
within 30 days of the date the marijuana plants were located by law enforcement officers.  The

Court has read and considered the complaint, and finds that it meets all of the requirements of Supplemental Rules.  The complaint is verified, contains a legal description of the defendant property, states the substantive jurisdictional grounds, and alleges that the defendant property is located in the Eastern District of California.  The complaint also includes a legal description of the defendant property and identifies 21 U.S.C. § 881(a)(7) as the basis for the forfeiture, and details sufficient facts to establish that defendant real property was being used, or intended to be used, to commit or facilitate the commission of a drug offense within the meaning of 21 U.S.C.§ 881(a)(7).

Based on the foregoing, the Court concludes that the claims alleged in the complaint are sufficiently pled and meritorious, and are legally sufficient to state claims for forfeiture of the defendant real property.

**(2)     Propriety of the Default Judgment.**

The declaration of Elisa M. Maguire in support of request to clerk for entry of default against Lahkbir Purewal establishes that Lahkbir Purewal did not file a claim or an answer and that Lahkbir Purewal is not an infant, incompetent, or member of the armed services.  (Doc. 19-2).  The clerk's certificate of entry of default establishes that a  default was subsequently entered as to Lahkbir Purewal. (Doc. 20).  No one other than the claimant  or potential claimants discussed above have claimed an interest in the defendant real property despite adequate notice, and those that have appeared in this action, including the two record owners, have agreed that the defendant real property will be forfeited to the Government. (Doc. 22).

There are no apparent risks of mistake or excusable neglect by anyone with am interest or a potential interest in the defendant real property or of a dispute as to a material fact essential to the Government's claims in this action.  There is no just cause for delay.  There is no reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.  The Government has shown that it is entitled to a default judgment of forfeiture with respect to the defendant property.

### E.      **Judgment In Rem.**

With respect to the form of the judgment, the Court concludes that the Government has shown that it is entitled to a judgment not only against the claimant and the potential claimants, but also against the defendant real property, affecting the interests of all persons in the defendant real property. Hanson v. Denckla, 357 U.S. 235, 246 n. 12, 78 S.Ct. 1228 (1958).

### **RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS the following:

1.      That plaintiff United States of America's Application for Default Judgment be GRANTED (Doc. 21);

2.      That the Clerk of the Court be DIRECTED TO ENTER:

(a) a default judgment against the interests of Lahkbir Purewal in the defendant real property; and

(b) a judgment forfeiting the interests of Amrit Kaur Purewal, Nancy Purewal, and Baldev Purewal in the defendant real property to the United States of America in accordance with the Settlement for Final Judgment of Forfeiture (Doc. 22); and

(c ) a final forfeiture judgment vesting in the United States of America all right, title, and interest in the defendant real property; and

3.      That plaintiff United States of America, BE ORDERED, within 10 days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations and the order adopting them.

These findings and recommendations are submitted to the Honorable Oliver W. Wanger,    United States Senior District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  No later than November 19, 2007, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties and otherwise in compliance with Local Rule 72-304(b).  Such a document should be captioned

"Objections to Magistrate Magistrate Judge's Findings and Recommendations."  Responses to

objections shall be be served and filed no later than November 30, 2007,  and otherwise in

compliance with Local Rule 72-304(d).  The District Judge will then review the Magistrate

Judge's findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the

District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


      IT IS SO ORDERED.


      Dated:   November 5, 2007                          /s/ **Theresa A. Goldner**

                                                   UNITED STATES MAGISTRATE JUDGE